IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Nikki Millsap, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| AmSher Collection Services, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Nikki Millsap, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Nikki Millsap ("Plaintiff"), is an adult individual residing in Granite Falls, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant AmSher Collection Services, Inc. ("AmSher"), is a Alabama business entity with an address of 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 35209, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff incurred a financial obligation (the "Debt") to T-Mobile (the "Creditor").

7. The Debt arose from cell phone services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to AmSher for collection, or AmSher was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. AmSher Engages in Harassment and Abusive Tactics

10. AmSher placed up to nine (9) calls a day to Plaintiff's phone in an attempt to collect the Debt, including weekends.

11. AmSher repeatedly called the Plaintiff before 8 a.m.

2

12. On several weekends, Amsher called Plaintiff and threatened to file a legal action against the Plaintiff on the following Monday, if she did not pay the Debt. To date, no such action has been filed.

13. Amsher, through its agents, spoke to Plaintiff in a harsh, loud, condescending tone and accused Plaintiff of lying.

14. AmSher informed Plaintiff her outstanding charges were $1282.23, when in fact the Debt was approximately $600.00.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, emotional distress, and frustration..

**COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff before 8:00 a.m.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used abusive language when speaking with the consumer.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character and amount of the Debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

28. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

29. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

30. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct, the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

31. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(2) in that Defendant used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

32. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

33. The Defendant's conduct violated N.C. Gen.Stat. § 75-55 in that Defendant collected or attempted to collect a debt by use of unconscionable means.

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT III
### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

38. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

39. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of North Carolina.

42. Defendant could reasonably foresee its' conduct would cause mental anguish and severe emotional distress to Plaintiff.

43. Plaintiff did indeed suffer mental anguish and severe emotional distress including depression.

44. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendant for the all damages as a result of the FDCPA violations; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 12, 2011

Respectfully submitted,

By <u>/s/ Stacie Watson</u>

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237